UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mildred C. Knight & Bobby Knight, III,<br><br>                  Plaintiffs,<br>vs.<br><br>Episcopal Church of the United States;<br>Bishop Katharine Jefferts Schori;<br>Episcopal Diocease of Lower South<br>Carolina; RT. Reverend Mark J. Lawrence;<br>Episcopal Church Home; Family Services,<br>Inc.; Iris Albright; Irv Condon; Walter<br>Kauffman; Glenn P. Churchill; John Does;<br>Jane Does; Linda K. Jones; C. Chloe &<br>Frederick R. Tonney,<br><br>                  Defendants. | C/A No. 2:10-516-DCN-RSC<br><br>REPORT AND RECOMMENDATION |

Mildred C. Knight and Bobby Knight, III ("Plaintiffs"), proceeding *pro se*, bring this civil action together[1] alleging

---

[1] A *pro se* plaintiff does not have standing to bring an action on behalf of another person. *See Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a non-attorney parent may not litigate the claims of their minor children in federal court, even where Virginia law permits the parent to assert the children's claims). *See also Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a *pro se* prisoner unassisted by counsel cannot be an advocate for others in a class action); *Frank Krasner Enter., Ltd. v. Montgomery Co., Md.*, 401 F.3d 230, 234-236 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing); *Inmates v. Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate). In *Myers*, the Fourth Circuit Court of Appeals explained that, "[a]n individual unquestionably has the right to litigate his *own* claims in federal court." *Id.* This is a right of high standing which "'reflects a respect for the choice of an individual citizen to plead his or her own cause.'" *Id.* (quoting *Cheung v. Youth Orchestra Found. Of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)). However, the right to litigate for *oneself* does not create a similar right to litigate on behalf of others. *Myers*, 418 F.3d at 400. "The reasoning behind this rule is two-fold: it protects the rights of those before the court ..., and jealously guards the

1

violations of their constitutional rights and other laws.[2] Plaintiffs paid the full filing fee. They request money damages and that this court vacate several state court orders. The complaint should be summarily dismissed.

### Pro Se Review – Filing Fee Paid

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The plaintiffs' complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[3] *See Mills v. Greenville Co.*, 586 F.Supp.2d 480 (D.S.C.

---

judiciary's authority to govern those who practice in its courtrooms...." *Id.* In this case, it appears that the co-plaintiffs are jointly pursuing their own similar claims with respect to the same transactions or occurrences and that they allege common questions of law and fact. *See* Fed. R. Civ. P. 20(a)(1). Thus, at this stage in the litigation, there does *not* appear to be a lack of standing issue.

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3] This court is <u>not</u> conducting an initial review of the complaint pursuant to 28 U.S.C. § 1915. Chief U.S. District Judge

2008); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449 (D.S.C. Jan. 8, 2007) (noting that the payment of the full filing fee does not cure lack of jurisdiction). *See also Bardes v. Magera*, No. 2:08-487-PMD-RSC, 2008 WL 2627134 (D.S.C. June 25, 2008) (finding that a court must not screen a complaint pursuant to 28 U.S.C. § 1915(e)(2) when the plaintiff is a non-prisoner who paid the filing fee); *Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868 (S.D.N.Y. Oct. 24, 2000) (finding that where a non-prisoner *pro se* plaintiff paid the filing fee to bring a civil action, the action was subject to dismissal with prejudice because it presented no arguably meritorious claim); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678 (S.D.N.Y. Feb. 11, 2004) (finding that it was appropriate to dismiss with prejudice *sua sponte* a fee-paying *pro se* plaintiff's action because the court determined that the claims presented no arguably meritorious issue to consider); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

---

Norton of this court indicated that § 1915 does not apply where a non-prisoner plaintiff paid the full filing fee. *See Key v. United States Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order) (finding that § 1915 review of a case does *not* apply if a plaintiff does not invoke §1915).

The plaintiffs are *pro se* litigants, and thus the pleadings are accorded liberal construction. *See Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Background

From the documents filed by the plaintiffs, the court gleans the following alleged facts and legal claims.[4] Norman Knight, Jr.,

---

[4] The court reviewed the Complaint, plaintiffs' Local Rule 26.01 Answers to Interrogatories, Rule 26(f) Report by plaintiffs, a supplement by plaintiffs to the Rule 26(f) report, and

4

deceased, and Mildred Knight had three children: Bobby Knight, III (a co-plaintiff) and two daughters, Linda K. Jones and C. Chloe Knight-Tonney, (defendants herein). In January 2004, the daughters obtained a power of attorney to act on behalf of the parents. The parents had the power of attorney revoked around July 2004. The son, Bobby Knight, was the care-giver for his parents, and he currently lives with his mother, the co-plaintiff. At some point, Norman Knight was declared "incapacitated," a conservator was appointed for him, and he was taken from the home where he lived with the plaintiffs. It appears that Norman Knight died around March 2008 and that the plaintiffs may have a dispute with the defendant daughters about Norman Knight's life insurance proceeds and other monies.

It appears that the plaintiffs have been involved in litigation in the Charleston County Probate Court, the Dorchester County Probate Court, and a state court of common pleas.[5] The matters litigated are not clear, but the plaintiffs' interests appear to have been adverse to the daughters' interests, and it appears that a conservator was appointed at some point. Plaintiffs allege that "one week before the Probate Appeal, [plaintiffs] were

---

plaintiffs' first amended supplement to Rule 26(f) report. *See* Docket Entries 1, 3, 4, 8, and 10.

[5] Plaintiffs submitted certain copies of orders and documents filed in the state court probate proceedings. *See e.g.*, Docket Entry # 10.

5

jailed by Probate Court on a Petition filed by non-attorney Iris Albright, whom was limited by Judge Young on Oct 5 2005 Order to do no more than to 'continue to pay the bills as a temporary Conservator... .'" Plaintiffs allege that a probate petition was wrongfully transferred from Charleston County Probate Court to the Dorchester County Probate Court. Plaintiffs allege that they were "Denied Opportunity to Redress the Government and to speak with the elected official as the probate judge in Charleston County... ." (emphasis in the original). Plaintiffs allege that their legal rights have been violated "from January 2004 to present... ."

Plaintiffs seem to allege that the state probate courts incorrectly handled the cases related to the plaintiffs and Norman Knight. Plaintiffs allege many legal causes of action against the defendants, including pursuant to § 1983, for violations of the equal protection clause, denial of access to the courts, denial of the right to petition the government for a redress of grievances, and false imprisonment. Plaintiffs allege that defendant Condon should not have judicial immunity in this action and that his immunity should be pierced. Plaintiffs also allege a violation of the civil federal RICO law and various South Carolina statutory laws. Plaintiffs may also be alleging defamation and civil conspiracy claims. Plaintiffs seek more than $850,000 in damages and "for an order to vacate the SC Courts Orders since June 2004... ."

Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Subject matter jurisdiction focuses on the power of the court to hear a claim. *See El-Hadad v. United States*, 377 F.Supp.2d 42, 46 (D.C. 2005).

In this case, the court does not have the power to enter an order to vacate the South Carolina state court orders entered since June of 2004. Where a plaintiff files an action in a United States district court to seek review and reversal of a state court judgment rendered before the district court proceedings commenced, the claim is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions. *See Davani*

v. *Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. V. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). *See also Dukes v. Stone*, No. 3:08-505-PMD-JRM, 2009 WL 398079 at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment). Here, the crux of the plaintiffs' entire case seems to be seeking an order to vacate the state probate courts' alleged wrongful orders. The plaintiffs are not satisfied with the litigation results in the state courts, and they are improperly bringing this action in an attempt to overrule the state court decisions. *Cf. In re Genesys Data Tech., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (noting that pursuant to 28 U.S.C. § 1738 all federal courts must give full faith and credit to valid state court judgments). Therefore, the entire action should be dismissed pursuant to the *Rooker-Feldman* abstention doctrine.[6]

Moreover, to the extent the plaintiffs may be suing the defendants Episcopal Church of the United States, Bishop Katharine Jefferts Schori, Episcopal Diocease (sic) of Lower South Carolina,

---

[6] This court acknowledges that "[t]he Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Id.*

RT. Reverend Mark J. Lawrence, and the Episcopal Church Home about ecclesiastical law or some religious dispute, such a claim is not cognizable in this court.[7] The Establishment Clause of the First Amendment prohibits federal courts from getting involved in religious disputes. In the United States, there is no connection between governmental (state or federal) courts and ecclesiastical courts. *See, e.g., Oliverson v. West Valley City*, 875 F. Supp. 1465, 1473 (D. Utah 1995) (comparing jurisdiction and functions of secular and ecclesiastical courts in pre-modern England); *Stephens v. Herring*, 827 F. Supp. 359, 362-63 (E.D. Va. 1993). As a court of limited jurisdiction, the United States District Court for the District of South Carolina has no jurisdiction over disputes concerning ecclesiastical law, rabbinical law, Canon Law, Islamic law, or religious disputes. *See Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 708-12 (1976); *EEOC v. Catholic Univ. of America*, 856 F. Supp. 1, 11 (D.D.C. 1994), *aff'd* 83 F.3d 455 (D.C. Cir. 1996); *EEOC v. Roman Catholic Diocese of Raleigh, North Carolina*, 213 F.3d 795, 804-05 (4th Cir. 2000). As a result, a district court's exercise of jurisdiction over religious matters would violate the Establishment Clause. *See Fraser v. Salvation Army*, No. 96-8691, 1998 WL 13272 at *1 (E.D. Pa. Jan. 15, 1998)

---

[7] It is <u>not</u> at all clear what the plaintiffs seek to sue these defendants about. There appears to be no allegations of personal involvement by any of these defendants.

("Because, the underlying controversy is of an ecclesiastical nature this court lacks jurisdiction to review this action.")

Additionally, defendant Condon is subject to summary dismissal based upon absolute judicial immunity. Defendant Condon is alleged to be the Charleston County Probate Judge. Judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "'This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Id.* (citation omitted). State and federal judges are also immune to requests for injunctive relief. *See Gilbert v. Ferry*, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), *aff'd* 401 F.3d 411

(6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). *See also* 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer). Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Defendant Condon's alleged improper rulings in a probate court case and improper transfer of the case would have been performed as normal judicial functions. The facts alleged do not indicate that Condon's actions were taken in the clear absence of all jurisdiction. Thus, defendant Condon should be summarily dismissed.

## Recommendation

It is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

*[signature]*
Robert S. Carr
United States Magistrate Judge

March 29, 2010
Charleston, South Carolina

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).