IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mildred C. Knight & Bobby Knight, III, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C/A No. 2:10-516-DCN-RSC |
| v. ) | |
| ) | **ORDER and OPINION** |
| Episcopal Church of the United States; Bishop ) | |
| Katharine Jefferts Schori; Episcopal Diocese of Lower ) | |
| South Carolina; RT. Reverend Mark J. Lawrence; ) | |
| Episcopal Church Home; Family Services, Inc.; Iris ) | |
| Albright; Irvin Condon; Walter Kauffman; Glenn P. ) | |
| Churchill; John Does; Jane Does; Linda K. Jones; C. ) | |
| Chloe & Frederick R. Tonney, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on plaintiffs' objections to the magistrate judge's report and recommendation, which was made in accordance with 28 U.S.C. § 636(b)(1)(B). Plaintiffs seek relief from defendants pursuant to 42 U.S.C. § 1983. The magistrate judge has recommended that this court dismiss plaintiffs' case without prejudice and without issuance and service of process. After careful review of plaintiffs' objections, and for the reasons set forth below, the court adopts the magistrate judge's report and affirms the recommendation that plaintiffs' case be dismissed without prejudice and without issuance and service of process.

**I. STANDARD OF REVIEW**

The court reviews de novo those portions of the magistrate judge's report to which specific objection is made, and the court may accept, reject, or modify the recommendations contained therein. 28 U.S.C. § 636(b)(1). This court need not review

1

any findings or recommendations to which neither party objects. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Furthermore, a general objection which is not "'sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute'" is inadequate to obtain district court review. See Page v. Lee, 337 F.3d 411, 416 (4th Cir. 2003) (quoting United States v. 2121 E. 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996)).

## II. PRO SE PETITIONS

Plaintiffs are proceeding pro se in this case. A federal district court is charged with liberally construing a complaint filed by pro se litigants. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a district court may not rewrite a pleading to include claims that were never presented or construct a plaintiff's legal arguments for him. See Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999); Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993). Liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990).

## III. BACKGROUND

Plaintiffs have filed a complaint seeking over $850,000 in damages from defendants and "for an order to vacate the SC Courts Orders since June 2004. . . ." Compl. at 36. Plaintiffs claim "multiple violations against the public and person from January 2004 to present." Compl. at 15. Plaintiffs' claims emanate from a conservatorship/guardianship dispute concerning the estate of Norman Knight, Jr. As part

2

of this dispute, plaintiffs have filed numerous claims, motions, and appeals in various South Carolina state courts, including Probate Court (C/A No. 2004-CP-0099 and No. 2008-ES-10000409), Family Court (C/A No. 2006-DR-10-3999), and the Court of Common Pleas (C/A No. 2005-CP-10-2674 and 2007-CP-10-4141).

In their complaint, plaintiffs challenge the state court decision to apply "common law named filial loss of consortium" and claim that the South Carolina state courts failed to follow procedure, which denied plaintiffs due process, equal protection, and court access. See Compl. at 21 ("All above ongoing and violating to this very date about the State's legislative restraints by malicious conspiring and by deceitful circumventing, wrongully [sic] evading and intentional fraudulently acts by going around the instructions, the restrictions and the limitations made the Law of the Case via Circuit Judge Roger Young's Order dtd October 5th 2005"); see also Compl. at 16-19, 22-28.

Plaintiffs name the daughters of Norman Knight, Jr. (Linda Jones and C. Chloe Tonney) and the Episcopal Church of United States, Bishop Katharine Jefferts Schori, Episcopal Diocese of Lower South Carolina, Rt. Reverend Mark J. Lawrence, and Episcopal Church Home as defendants. Plaintiffs also name Family Services, Inc., Iris Albright, Walter Kauffman, and Glenn Churchill as defendants for their involvement in the probate court litigation. Finally, plaintiffs name Judge Irvin Condon, Charleston County Probate Judge, as a defendant. The complaint alleges that plaintiffs have been "denied opportunity to redress the government" because they have been unable "to speak with the elected official as the probate judge in Charleston County [Judge Condon]." Compl. at 17. According to the complaint, Judge Condon violated plaintiffs' First

3

Amendment rights by ignoring a remand order issued on April 18, 2009. Compl. at 16.

## IV. ANALYSIS

### A. Rooker-Feldman Doctrine

Plaintiffs' claims against defendants are subject to summary dismissal because, under the Rooker-Feldman doctrine, this court is without jurisdiction to consider them. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). In order for this court to hear and decide a case, the court must have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." See In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. See Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." See Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

According to the Rooker-Feldman doctrine, a federal district court lacks jurisdiction to hear "appeals" concerning matters litigated in states courts. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts

because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); see Plyler v. Moore, 129 F.3d 728, 731 (4th Cir.1997) (holding that the Rooker-Feldman doctrine disallows a federal court from reviewing claims that derive from a state court judgment, "as when success on the federal claim depends upon a determination that the state court wrongly decided the issues before it") (internal citation and quotation marks omitted). The Rooker-Feldman doctrine also bars federal claims that are "inextricably intertwined with the state judgment." Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 86-87 (2d Cir. 2005). Because the Rooker-Feldman doctrine is viewed as jurisdictional it may be raised by the court sua sponte. See American Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003).

Plaintiffs' complaint challenges the probate court decision to apply common law filial loss of consortium "for the benefit to daughters by the Charleston Co. Probate Courts that earn a probate fee(s) [sic] and not to the son." Compl. at 21. By asking for "an order to vacate the SC Courts Orders since June 2004," plaintiffs are requesting this court to review the state court proceedings as an appellate court would do. See Compl. at 36; see also Aff. at 19 ("I pray for the wrongs to be righted in this legal process and for this nightmare to be over. I pray the Appeal Court in SC to make Norman and I whole."). However, the United States District Court is not an appellate court within the South Carolina unified judicial system. See S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."). Therefore, Rooker-Feldman prevents this court from

reviewing all matters "inextricably intertwined" with the South Carolina state court ruling on filial loss of consortium. Id.; see generally Hoblock, 422 F.3d at 86-87.

In their complaint, plaintiffs list their causes of action in paragraphs fifteen through thirty-five. See Compl. at 15 ("Paragraphs 16-35 are inclusive – restatements of all other paragraphs alleging injuries and damages . . . ."). According to paragraph thirty-five of plaintiffs' complaint, all of the claims in paragraphs fifteen to thirty-five are related to the state court rulings on filial consortium. See Compl. at 35 ("Filial Consortium*, lawful or not in SC, see Item No.s 15 to 34 above; was used or created... that was an authority not given to the courts . . . causing an unjust Disparity Treatment . . . ."); see generally Hoblock, 422 F.3d at 86-87. Therefore, this court finds that all of these causes of action are "inextricably intertwined" with the South Carolina state court decisions and are therefore outside of the jurisdiction of the federal district court. Moreover, even if the Rooker-Feldman doctrine did not foreclose plaintiffs' claims, there are other reasons why the claims are not viable in this section 1983 action.

**B. Ongoing Proceedings**

Absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending judicial proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Nivens v. Gilchrist, 319 F.3d 151 (4th Cir. 2003); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir.1989). In Cinema Blue of Charlotte, Inc. v. Gilchrist, the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.

887 F.2d at 52. As the court noted in that case, "<u>Younger</u> thus implements the broader notion that ours 'is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.'" <u>Id.</u> at 52-53 (quoting <u>Younger</u>, 401 U.S. at 44).

According to Charleston County Probate Court records, case No. 2008-ES-10000409 remained open when plaintiffs filed the complaint in this court on March 4, 2010. <u>See</u> <u>Estate of Norman R. Knight Jr.</u>, No. 2008-ES-10000409, Charleston County Probate Court. To the extent that the claims listed in plaintiffs' complaint are associated with No. 2008-ES-10000409, such claims may not be heard by this court pursuant to <u>Younger</u>.

**C. Claims Against Certain Defendants**

Plaintiffs' complaint fails to clearly establish any claims against the Episcopal Church of United States, Bishop Katharine Jefferts Schori, Episcopal Diocese of Lower South Carolina, Rt. Reverend Mark J. Lawrence, and Episcopal Church Home. <u>See</u> Mag. R.R. at 9 ("It is not at all clear what the plaintiffs seek to sue these defendants about. There appears to be no allegations of personal involvement by any of these defendants.") The magistrate judge explained that any claim based on "ecclesiastical law or some religious dispute . . . is not cognizable in this court." <u>Id</u>. Plaintiffs object that,

> the religious defendants are being sued not for how they pray, but for how they wrongfully operated a nursing home dba [sic] Bishop Gadsen and for violations by a nursing home and its owners; whom profited monetarily from

7

> its operations in violation of SC Code §15-75-20 causing a breach of spousal consortium and colluding in a conspiracy to prevent the plaintiffs from having access to a person in their care and on their property in the same and equal manner as was so rightfully done by the J. Henry Stuhrs Funeral Home about these plaintiffs rights at the time of death of the husband and father.

Obj. to Mag. R.R. at 8. Plaintiffs' objection makes it clear that the claims against the "religious defendants" are enmeshed with the state court conservator/guardianship dispute. The allegation of "breach of spousal consortium" by the religious defendants clearly refers to filial consortium. See Compl. at 15-35. As previously established, the Rooker-Feldman doctrine prevents this court from considering whether the state courts properly applied filial consortium. See Feldman, 460 U.S. at 476-82; Rooker, 263 U.S. at 413; see also Hoblock, 422 F.3d at 86-87 ("Rooker-Feldman bars a federal claim, whether or not raised in state court, that asserts injury based on a state judgment and seeks review and reversal of that judgment; such a claim is "inextricably intertwined with the state judgment."). Because the claims against these defendants are inextricably intertwined with state court litigation, Rooker-Feldman bars this court from considering them. Id.

**D. Judicial Immunity**

The magistrate judge recommended that any claims against Judge Condon be dismissed because they are barred by the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 355 (1978) ("The factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."). "It has

long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Plaintiffs object that the magistrate judge failed to apply the Stump v. Sparkman two-part standard. See Obj. to Mag. R.R. at 7. This objection is without merit because the magistrate judge did apply the two-part standard to determine that Judge Condon is subject to absolute judicial immunity in this case. See Mag. R.R. at 11. ("Defendant Condon's alleged improper rulings in a probate court case and improper transfer of the case would have been performed as normal judicial functions. The facts alleged do not indicate that Condon's actions were taken in the clear absence of all jurisdiction."). However, this court will consider de novo whether the magistrate judge properly applied this standard.

As an initial matter, plaintiffs object that a probate judge is a public official who is not entitled to judicial immunity. Obj. to Mag. R.R. at 4. This argument is without merit, as judicial immunity applies to probate judges performing judicial acts. Milliken v. Reid, 2007 WL 601627, at *6 (D.S.C. February 21, 2007). Plaintiffs next argue in their objection that Judge Condon is not protected by judicial immunity because he did not perform any judicial acts. See Obj. to Mag. R.R. at 3 ("The plaintiffs allege that defendant Irv Condon has never performed one judicial act and that he has not acted as a judge in their case . . . . Simply no judicial act by Irv Condon as a probate judge of the Probate Court exists."). All of plaintiffs' allegations regarding Judge Condon's alleged improprieties show that any act performed by Judge Condon was done as a normal judicial function. Moreover, Judge Condon performed such acts in his official capacity.

Plaintiffs also pose an objection to the jurisdiction of the probate court. See Obj.

to Mag. R.R. at 3. ("For the probate court to have jurisdiction over a matter it must meet three elements. Charleston County and Irv Condon have known or had reason to know that those three elements did not exist, and this in and of itself, precludes the having any kind of jurisdiction over these plaintiffs."). According to the South Carolina Code of Laws, "The jurisdiction assumed by any probate court in any case, so far as it depends on the place of residence or the location of the estate, shall not be contested in any suit or proceeding whatever, except in an appeal from the probate court in the original case or when the want of jurisdiction appears on the record." S.C. Code Ann. § 14-23-260. As previously established, this court may not perform appellate review of South Carolina state courts' actions. Moreover, nothing in the record establishes a "want of jurisdiction." Therefore, this objection is without merit.

## V. CONCLUSION

For the foregoing reasons, the court **ADOPTS** and **AFFIRMS** the magistrate judge's report and recommendation, and plaintiffs' case is **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

```
_____
DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE
```

**July 23, 2010**
**Charleston, South Carolina**